

222 Bruce Reynold Blvd. Suite 490<br>Fort Lee, NJ 07024<br>Telephone: (718) 573-1111

December 15, 2021

**VIAECF**

Honorable Debra C. Freeman
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

**Re:    Han v. Roosevelt Island Cleaners Inc et al., 20-cv-09068**

Dear Judge Freeman,

This firm represents Plaintiff Hee Bong Han in the above-referenced matter. As the court is aware already, Plaintiff and Defendants Roosevelt Island Cleaners Inc and Jay Moon agreed to settle the lawsuit.

In general, the minimum wage and overtime provisions of the FLSA are mandatory and not subject to negotiation or bargaining between employers and employees. See Brooklyn Savings Bank v. O'Neil, 324 U.S. 697 (1945). However, employees may settle and waive a claim against their employer for unpaid minimum wages or overtime pay under the FLSA: (1) if the payment of unpaid minimum wage/overtime pay is supervised by the Secretary of Labor; or (2) in a private lawsuit brought by an employee if the parties present the district court with a proposed settlement and the court enters an order approving the fairness of the settlement. 29 U.S.C. § 216(c); Reyes v. Altamarea Group, 2011 U.S. Dist. LEXIS 115984, de Munecas v. Bold Food, LLC, 2010 U.S. Dist. LEXIS 87644, Guaman v. Ajna-Bar NYC, 2013 U.S. Dist. LEXIS 16206 quoting Lynn's Food Stores, Inc. v. U.S., 679 F.2d 1350, 1353 (11th Cir. 1982).

"In an FLSA case, the Court must independently ascertain the reasonableness of the fee request." Gurung, 226 F. Supp. 3d at 229-30. "A court evaluating attorneys' fees in an FLSA settlement may use either the 'lodestar' method or the 'percentage of the fund' method, but should be guided in any event by factors including: '(1) counsel's time and labor; (2) the case's magnitude and complexities; (3) the risk of continued litigation; (4) the quality of representation; (5) the fee's relation to the settlement; and (6) public policy considerations.'" Cionca v. Interactive Realty, LLC, No. 15-CV-5123 (BCM), 2016 WL 3440554, at *2 (S.D.N.Y. June 10, 2016) (citation omitted).

The plaintiff's claim for unpaid overtime wage amount was $25,695.28 excluding the liquidated damage and penalties under NYLL. Including liquidated damage and statutory penalties under NYLL, the total amount plaintiff is entitled to is $76,282.90 plus attorney's fees and costs.    Defendants disputed each and every allegation raised by Plaintiff, including the number of hours Plaintiff worked and the amount of wages Plaintiff was paid, throughout this lawsuit.    The total settlement amount of $25,000 was reached largely based on defendants' ability to pay during the settlement conference. The plaintiff has accepted less money than the claims he is owed while the defendants, who have denied liability, have agreed to pay the plaintiff more than they believe is due under the law. Both have agreed to settle as a result of reasonable strategic and financial considerations.

The total cost of this case is $463.60. After the deduction of the cost, the net settlement amount is $24,536.40. Of this net amount, one-third of $8,178.80 should be allocated to Plaintiff's counsel, and two-third of $16,357.60 is allocated to Plaintiff. Plaintiff's counsel will be paid a total of $8,642.40 for his fees and costs. Plaintiff's counsel Ryan Kim's affidavit is attached to this letter as Exhibit A.

Plaintiff respectfully requests that this Court enter an order directing Defendants to deliver their first payment to Plaintiff's counsel within 7 days from the Court's approval of this agreement.

The parties respectfully submit that the settlement is fair and reasonable and should be approved. Plaintiff asks this Court to adjudicate the parties' joint motion for approval of the settlement as soon as possible.

For the foregoing reasons, Plaintiff requests this Court to approve parties' settlement agreement.

Respectfully,

s/ Ryan J. Kim
Ryan J. Kim

Cc: YoungHoon Ji, Esq. (via electronic mail)

2