UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

HEE BONG HAN,

                        Plaintiff,

    -against-

ROOSEVELT ISLAND CLEANERS INC.
d/b/a RI CLEANERS and JAY MOON,

                        Defendants.

20cv09068 (DF)

**ORDER OF DISMISSAL**

**DEBRA FREEMAN, United States Magistrate Judge:**

      In this action under the Fair Labor Standards Act and the New York Labor Law, which is before this Court on the consent of the parties pursuant to 28 U.S.C. § 636(c), the parties, having reached an agreement in principle to resolve the action, have placed their proposed settlement agreement before this Court for approval. *See Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 1999 (2d Cir. 2015) (requiring judicial fairness review of FLSA settlements). Plaintiff has also submitted a letter detailing why he believes the proposed settlement agreement is fair, reasonable, and adequate. (Dkt. 40.) This Court has reviewed Plaintiff's submission in order to determine whether the proposed settlement agreement (Dkt. 40-2 (the "Agreement")) represents a reasonable compromise of the claims asserted in this action, and, in light of the totality of the relevant circumstances, including the representations made in Plaintiff's letter, the terms of the Agreement, and the Court's general familiarity with the matter, it is hereby ORDERED that:

      1.    The Court finds that the terms of the Agreement are fair, reasonable, and adequate, both to redress Plaintiff's claims in this action and to compensate Plaintiff's counsel for their legal fees, and the Agreement is therefore approved.

2. The Court notes the parties have also submitted a proposed Stipulation and Order of Dismissal With Prejudice (Agreement, Ex. A), which Defendants represent that they will file upon judicial approval of the Agreement (*see* Agreement ¶ 7(b)). That proposed Stipulation and Order states: "This Court retains jurisdiction to enforce the Settlement Agreement and the Release of this action." (Agreement, Ex. A.) In light of this, and in order to effectuate the evident intent of the parties, the Court will retain jurisdiction over this matter for the purpose of enforcing the Agreement. The Court also notes that the filing of the proposed Stipulation and Order is not required for the Court to dismiss this action, based on the parties' settlement.

3. As a result of the Court's approval of the parties' executed settlement agreement, this action is hereby discontinued with prejudice and without costs or fees to any party. The Clerk of Court is directed to close this case on the Docket of the Court.

Dated: New York, New York
      January 4, 2022

SO ORDERED

_____
DEBRA FREEMAN
United States Magistrate Judge

Copies to:

All counsel (via ECF)